## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL and JENNIFER SHARRITT, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-0164-CG-B |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| **Defendant.** | | |

### ORDER

This matter is before the court on plaintiffs' motion to remand (Doc. 7), and defendant's response thereto (Doc. 9). The court finds that defendant has not met its burden of demonstrating by a preponderance of the evidence that the minimum amount in controversy has been met. Therefore, plaintiffs' motion to remand is due to be GRANTED.

### BACKGROUND

This case, originally filed in Mobile County Circuit Court, involves defendant's alleged fraudulent denial of one claim and underpayment of a second claim under plaintiffs' homeowners insurance policy. Plaintiffs' home was reportedly damaged on November 11, 2003, when a pipe burst and their home was flooded (Complaint ¶ 6). The complaint asserts claims for breach of contract, bad faith denial of claim, fraud, and suppression of information concerning the extent of the policy coverage. The complaint seeks compensatory and punitive damages for "the injuries and damage incurred." The complaint does not specify an amount in controversy; however, the parties agree that the denied claim

and alleged underpayment total $6,700, exclusive of interest and costs. (Doc. 9  p. 1, Doc. 11, ¶ 2).

## DISCUSSION

Federal courts are courts of limited jurisdiction.  "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim" Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).  "On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353,1356 (11th Cir.1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)).  Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).  The removing party must make "an affirmative showing ... of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961).

Plaintiffs dispute that the $75,000.00 minimum jurisdictional amount in controversy has been met.  When a plaintiff has made an unspecified demand for damages, a removing defendant must prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996).  However, this burden is less demanding than the "legal certainty" burden established in Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994) which applies when a plaintiff has specifically claimed less than the jurisdictional amount in the complaint.  In this case there has been no specific claim for damages.

The relief sought by plaintiffs is compensation for the denial and underpayment of claims amounting to $6,700.   This amount clearly falls short of the $75,000.00 minimum amount in

2

controversy.  Defendant contends that, because the complaint seeks compensation for "the injuries and damage incurred", the "injuries" may include mental anguish and emotional stress.   Defendant argues that "[a] mere $1,000 per month adds another $14,000 to the amount in controversy."(Doc. 11, ¶ 3). However, the complaint does not state that plaintiffs suffered any kind of mental anguish or emotional distress.  The court finds such contentions to be speculative. Even if defendant is correct that plaintiffs seek mental anguish and emotional distress, the amount of compensatory damages in controversy using defendant's calculations would still be only $20,700, far below the $75,000 minimum.

Defendant next argues that there are eight counts, most of which contain a separate prayer for relief, and that plaintiffs could be awarded damages under each count.  However, plaintiffs cannot be compensated for their damages more than once by asserting claims under multiple theories.  Although a plaintiff may recover both in contract and tort for the same events, a plaintiff may not get a "double recovery" for compensatory damages. Hill v. United Ins. Co. of America, 998 F.Supp. 1333, 1337 (M.D.Ala.1998) (citations omitted); see also Avery v. City of Talladega, Ala., 24 F.3d 1337, 1348 (11th Cir. 1994) ("Of course, the plaintiffs may not recover twice for the same violation; the breach of contract claim survives merely as an alternative legal theory to redress any wrong that may have been done them."); Barrow v. Bristol-Myers Squibb, 1998 WL 812318, *46 (M.D.Fla.,1998) ("Although Plaintiff has met the elements for recovery of damages under theories of strict liability, negligence, and fraud/negligent misrepresentation, no double recovery for the same injury shall be allowed.").

Defendant also asserts that compensatory damages may be increased by the addition of consequential damages, such as repair cost and the cost of alternate places to live.   However, plaintiffs have not alleged any additional costs and it is unclear why such claims, if recoverable, would not have been included in their original insurance claims which were denied by defendant.   The court finds such

damages to be mere speculation and conjecture.  "Jurisdiction cannot be established by a hypothetical."

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000) (citations omitted).

Prospective punitive damages must be considered when calculating the amount in controversy

"unless it is apparent to a legal certainty that such cannot be recovered."  Holley Equipment Co. v.

Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987).  While, defendant suggests that punitive

damages of at least $80,000 could be awarded, defendant has offered nothing to support this

contention.  Given that defendant has only shown by a preponderance of the evidence that the amount

in controversy includes $6,700 in compensatory damages, punitive damages would have to be more

than ten times the compensatory damages to satisfy the jurisdictional minimum.  The court finds nothing

to support such an award.  Thus, the court finds that defendant has not met its burden of demonstrating

by a preponderance of the evidence that the minimum amount in controversy has been met.

## CONCLUSION

The motion of plaintiffs, Carl and Jennifer Sharritt, to remand (Doc. 7) is **GRANTED,** and this

case is hereby **REMANDED to the Circuit Court of Mobile County, Alabama**.

**DONE and ORDERED** this 24th day of June, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE